IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **04-cv-1124-JLK**

**LINDA FORGACS, MONICA JONES**, **DANIEL LINK, GRACE MORENO, and PAM ROGGE,**

    Plaintiffs,

v.

**EYE CARE CENTER OF NORTHERN COLORADO; WILLIAM L. BENEDICT, M.D.; JOEL S. MEYERS, M.D.; MORRIS TILDEN, M.D.;IRENE OLIJYNK, M.D. and JAY R. HOLMS**,

    Defendants.
_____

ORDER GRANTING MOTION FOR PARTIAL SUMMARY JUDGMENT
_____

KANE, J.

This matter is before me on the Motion of Defendant Eye Care Center for Summary Judgment on Plaintiffs' ERISA penalty claims. The penalty claim is premised on § 125 of the Internal Revenue Code and COBRA, 29 U.S.C. § 1161.

The Eye Care Center contends four of the five Plaintiffs' ERISA penalty claims are time-barred by the applicable one year statute of limitations. Plaintiffs concede that using the dates on their respective termination letters would result in their claims being time-barred, but argue their effective termination dates were several months later. I find the Tenth Circuit's decision in *Wilkerson v. Siegfried Ins. Agency Inc.*,

1

621 F.2d 1042, 1044-1045 (10th Cir. 1980), to be controlling and conclude no reasonable trier of fact could find Plaintiffs' termination dates to have been any date later than the date of their respective termination letters.  Because the termination letters predate the filing of this action by more than one year, the Motion for Summary Judgment is GRANTED.

### *Discussion*.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The burden of establishing a lack of material factual dispute rests on the moving party, Defendant in this case.

Defendant Eye Care Center terminated Plaintiffs Linda Forgacs, Monica Jones, Daniel Link, and Grace Moreno in the Spring of 2003 as a result of company layoffs. Plaintiffs filed suit, asserting claims for ERISA violations including the failure to pay overtime compensation and for retaliation for requesting such payments.  In paragraphs 7 through 11 of the Complaint, Plaintiffs averred their respective termination dates as follows:

> 7.  Plaintiff Forgacs was employed with Defendant Company from Augusut 1993 until March 7, 2003 as the practice Administrator.
>
> 8.  Plaintiff Jones was employed with the Defendant Company from Juen 1997 until April 24, 2003 as Administrative Manager.

> 9. Plaintiff Moreno was employed with the Defendant Company from June 1996 until April 24, 2003 as a Lasik Coordinator.
>
> \* \* \*
>
> 11. Plaintiff Link was employed with the Defendant Company from February 2000 until April 24, 2003 as a Patient Account Manager.

Compl. ¶¶ 7-11.

Because ERISA is silent as to a statute of limitations, under 29 U.S.C. § 1161, "a federal court must look to state law to determine the appropriate time period for commencing suit." *Damon v. Unisys Corp.*, 841 F. Supp. 1094, 1096 (D. Colo. 1994). The court in *Damon* considered the limitation period for an ERISA suit brought under 29 U.S.C. § 1132(c)(1) and determined the applicable statute of limitation for civil penalties thereunder is set forth at Colo. Rev. Stat. § 13-80-103. *Id.* at 1097. Section 103 provides that, "[t]he following civil actions, regardless of the theory upon which suit is brought, or against whom suit is brought, shall be commenced within one year after the cause of action accrues, and not thereafter . . . [including] all actions for any penalty or forfeiture . . . ." Colo. Rev. Stat. § 13-80-103(1)(d) (2005).

Using the termination dates averred by Plaintiffs in their Complaint as the basis for the motion, the Defendant Eye Care Center contends it is entitled to summary judgment. In response, Plaintiffs demur that the termination dates alleged are not the "real" termination dates, which actually occur some months later as a result of severance packages each received. Specifically, with respect to Linda Forgacs'

termination, Plaintiffs state that "[o]n March 7, 2003 . . . [Forgacs] was placed on a three month leave of absence . . . [such that] her effective termination date is June 7, 2003." Response p. 2, ¶ 1. Plaintiffs' cite Forgacs' affidavit, where she states she was put on a three-month leave of absence on March 7, 2003 and continued to receive compensation through June 7, 2003.

However, four other documents contradict Forgacs' assertion:

1) Forgacs' termination letter dated February 20th (Ex. A-1 to Defs.' Mot. Summ. J.);

2) Forgacs' settlement agreement (Ex. A-2);

3) A company-wide memo to all employees (Ex. A-3);

4) Forgacs' unemployment insurance application with the Colorado Department of Labor. *See* Holms Affid., 12-13.

These documents all independently verify that Forgacs' last day of employment occurred on March 7, 2003, and that she understood herself to have been terminated as of that date. Forgacs did receive compensation with benefits for three months, but this was a form of severance and did not, as a matter of law, operate to extend her employment for that period of time.

In *Wilkerson*, the Tenth Circuit found that when unequivocal notice of an employee's termination and the last day of work for that employee coincided, the employee was deemed discharged on that date despite being kept on the payroll for

nine more weeks because of vacation and severance pay.  *Wilkerson* at 1045.  *Wilkerson* is controlling.  Applying the law to the facts in the record, I conclude no reasonable trier of fact could conclude that Forgacs' effective termination date was not March 7, 2003, which was both the date of termination indicated in four separate documents, and was also her last day of work despite receiving compensation for an additional three months.

The termination dates of the three remaining Plaintiffs are even clearer.  Jones, Moreno, and Link were all given notice of termination on April 24, 2003.  They were told they were being terminated that day, and Eye Care Center gave each of them identical termination notice letters.  Holms Affidavit p. 12-13.  Exhibits C-1 through C-3 all verify these termination dates.  Again, despite receiving severance and benefits for an additional time period, no reasonable trier of fact, operating under the rule of law stated in *Wilkerson*, could conclude any date other than April 24, 2003 was the effective termination date for Jones, Moreno or Link.

Based on the foregoing, Defendant Eye Care Center's Motion for Partial Summary Judgment on ERISA Penalty Claim is GRANTED.  Each of the four penalty claims is time-barred under the applicable statute of limitations.

                                          BY THE COURT:

Dated:  November 8, 2005            **s/John L. Kane**
                                          SENIOR U.S. DISTRICT JUDGE