IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **04-cv-1124-JLK**

**LINDA FORGACS, MONICA JONES, DANIEL LINK, GRACE MORENO, and PAM ROGGE,**

    Plaintiffs,

v.

**EYE CARE CENTER OF NORTHERN COLORADO; WILLIAM L. BENEDICT, M.D.; JOEL S. MEYERS, M.D.; MORRIS TILDEN, M.D.;IRENE OLIJYNK, M.D. and JAY R. HOLMS**,

    Defendants.

_____

ORDER
_____

KANE, J.

I have reviewed all of the briefing on Defendants' various Motions for Partial Summary Judgment (Docs. 62, 66 and 68.) As an aside, and in the future, counsel are urged to familiarize themselves with the Court's electronic filing (ECF) system and avoid the filing errors that have occurred in this case.[1] In addition, the filing of several motions for partial summary judgment rather than an omnibus motion may be helpful in complex cases, but becomes cumbersome in a case such as this.

Having said that, however, I find Plaintiffs' "omnibus" response to Defendants' detailed and carefully supported Motions facile and inadequate fully to flesh out the

---

[1] Exhibits referenced in briefs shall be filed as attachments to those briefs and not as separate documents, which then receive separate docket numbers and become difficult to keep together with briefs, particularly where, as here, multiple summary judgment motions are filed.

issues and claims that remain in this case. In particular, Plaintiffs appear to concede some of their claims and to press on with others, but do so without identifying which particular Plaintiff concedes or presses which claim, and by glossing over many of the evidentiary issues raised by Defendants.

Accordingly, Plaintiffs are ORDERED to supplement their Response to Defendant's [sic] Motion(s) for Summary Judgment (Doc. 82) to identify with specificity each remaining claim being pursued by which particular Plaintiff and the specific evidence on which that Plaintiff relies. A table such as the one prepared by Defendants and attached as Ex. 1 to their Reply Brief in Support of Motions for Summary Judgment (Doc. 91-2) would be helpful.

And while I rarely involve myself in cases to suggest parties avail themselves of a magistrate judge or other means of alternative dispute resolution, this case, which clearly involves Plaintiffs with strong convictions of having been wronged by employers whose management style may have skirted the bounds of propriety, is not inappropriate for such a suggestion.

Plaintiffs' supplemental filing is due on or before April 19, 2006.

Dated April 11, 2006.

                                          **s/John L. Kane**
                                          SENIOR U.S. DISTRICT COURT JUDGE