IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **04-cv-1124-JLK**

**LINDA FORGACS, MONICA JONES**, **DANIEL LINK, GRACE MORENO, and PAM ROGGE,**

    Plaintiffs,

v.

**EYE CARE CENTER OF NORTHERN COLORADO; WILLIAM L. BENEDICT, M.D.; JOEL S. MEYERS, M.D.; MORRIS TILDEN, M.D.;IRENE OLIJYNK, M.D. and JAY R. HOLMS**,

    Defendants.

_____

ORDER
_____

KANE, J.

It appears that in the wake of settlement negotiations, concessions by Plaintiffs of certain of their claims in supplemental briefing[1] and the voluntary withdrawal by Defendant Eye Care Centers of a position taken on one of Plaintiffs' only one Plaintiff – Linda Forgacs – and two of her claims, remain pending in this case.  Forgacs asserts (1) a claim for ERISA-based penalties based on Defendants' handling of her 401k account, and (2) a claim for defamation against each of the individually named Defendants based on statements they made or in which they acquiesced that she had "stolen money" from the company.  Defendants have filed motions for partial summary judgment on several of

---

[1] Forgacs concedes her Fourth and Fifth Claims for Relief under the Fair Labor Standards Act and her Seventh Claim for Relief for breach of contract .

Plaintiffs' original claims, including the two remaining claims of Forgacs.  This Order is limited to Defendants' Motion for Summary Judgment as to Plaintiffs' Defamation Claims (Doc. 68), filed March 3, 2006.

Forgacs' defamation claim is premised exclusively on the affidavit of Michelle Hebert.  Hebert, a former administrative assistant for Defendant and Eye Care Center CEO Jay Holms, describes in her affidavit a staff meeting attended by all of the named Defendant doctors in which Holms represented that Forgacs, among others, had "stolen money" from the Eye Care Center.   Hebert Affid. (Ex. 1 to Pls.' Response to Defs.' Mot. Summ. J.) ¶¶ 3-4.  At the time of the meeting, Forgacs and the others had already been terminated and left the company.  According to Hebert, "[t]he doctors in attendance nodded their heads in agreement when Mr. Holms made the statements . . . . [and] "never made statements that they disagreed with the comments and allegations made by Mr. Holms." *Id.* ¶ 5.  In subsequent conversations with Drs. Tilden and Meyers, Hebert continues, both "indicated that Linda Forgacs . . . had stolen money from the company." disagreed then in subsequent conversations with her after that meeting, that Drs. Tilden and Meyers "both indicated that Linda Forgacs . . . had stolen money from the company." *Id.* ¶ 6.  The affidavit is utterly insufficient to establish a cause of action for defamation against any of the movants.[2]

As an initial matter, the "nodding of heads" in acquiescence to an allegedly

---

[2]   Defendants Holms, Meyers, Tilden, and Olijnk join in the Motion for Summary Judgment.  Defendant Benedict does not.

defamatory statement is insufficient to constitute a publishing or republishing of that statement for purposes of a defamation claim.  A necessary element of a cause of action for defamation is an individual's *own publication* of the allegedly defamatory statement, orally or in writing.  Even under Forgacs' own cited authority, the "adopted" or silent admission of an allegedly defamatory statement "does not equate to the individual's own publication of the statement."  *Wayment v. Clear Channel Broadcasting, Inc.*, 116 P.3d 271, 287 (Utah 2005).  This is dispositive of Forgacs' claim against Olijnk, as her "nodding" in response to Holms's statement is the only allegation Forgacs has to support it.

As for Drs. Tilden and Meyers, the assertion that they subsequently "indicated" in other conversations with Hebert that Forgacs had "stolen money" from the company suffers the dubiety of imprecision.  A defamatory "statement" is also a necessary element of a claim for defamation – the question arises whether Hebert understood Tilden and Meyers' "indications" to be defamatory.  She does not say so in her affidavit.

Beyond these hurdles is the overarching issue of privilege.  Defendants contend Holms's statement at the staff meeting and the "indications" of Tilden and Meyers after that meeting fall within the qualified privilege employers have to disclose and undertake internal communications about personnel matters. Defendants rely on Chief Judge Babcock's originative decision in *Patane v. Broadmoor Hotel, Inc.*, 708 P.2d 473, 475 (Colo. App. 1985), articulating the privilege in the context of post-termination communications with the co-workers and staff of the terminated employee.  "An

employer's discharge of an employee prompts an occasion to inform other employees of the reason for the change in personnel." *Id.*  That is precisely what Hebert's affidavit alleges.

Once a court determines as a matter of law that a qualified privilege applies to a defendant's communication, the burden shifts to plaintiff to show that the defendant "published the material with malice, that is, knowing the matter to be false, or acted in reckless disregard as to its veracity." *Curchey v. Adolph Coors Co.*, 759 P.2d 1336, 1346 (Colo. 1988)(citing *Patane*)(internal quotation omitted).  Because Forgacs offers no facts to meet this evidentiary burden, summary judgment must be granted.

The Motion of Defendants' Meyers, Tilden, Olijnk, and Holms for Summary Judgment on Plaintiff Linda Forgacs' Defamation Claim is **GRANTED**.


Dated August 10, 2006.                                       **s/John L. Kane**
                                                             SENIOR U.S. DISTRICT JUDGE