IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01124-JLK-MEH

LINDA FORGACS,

      Plaintiff,

v.

EYE CARE CENTER OF NORTHERN COLORADO; WILLIAM L. BENEDICT, M.D.; JOEL S. MEYERS, M.D.; MORRIS TILDEN, M.D.; IRENE OLIJYNK, M.D., and JAY R. HOLMS,

      Defendants.

---

## RECOMMENDATION ON DEFENDANTS' MOTION
## FOR SANCTIONS, WITH AUTHORITIES

---

Defendants have moved to sanction Plaintiff Linda Forgacs and Plaintiff's counsel pursuant to Fed. R. Civ. P. 11, 28 U.S.C. § 1927, and Colo. Rev. Stat. § 13-17-102. The motion has been referred to the undersigned. The Court **recommends** that the motion be **granted in part** and **denied in part**.

Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. FED. R. CIV. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being

served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate

Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985);

*Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d

1159, 1164 (10th Cir. 1986).

## BACKGROUND

This lawsuit was originally brought by five former employees of the Eye Care Center, a

private medical care facility. Four of the five Plaintiffs recently settled their claims. The fifth Plaintiff,

Ms. Forgacs, has not. Defendants contend that the majority of the claims brought in this case were

frivolous; Plaintiff's counsel should have known they were frivolous had he properly investigated

them; and Plaintiff's counsel failed to finalize the four settling Plaintiffs' settlement agreements after

the settlement conferences in this case. Defendants move to sanction Plaintiff's counsel for this

conduct. They move to sanction Plaintiff for "orchestrating" this lawsuit. Defendants rely on Fed.

R. Civ. P. 11, 28 U.S.C. § 1927, and Colo. Rev. Stat. § 13-17-102 in filing this motion..[1]

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 11 permits the district court to impose a sanction regarding

claims brought in federal court that were not "formed after an inquiry reasonable under the

circumstances" and "warranted by existing law" or a rational argument to change the law. "'In

deciding whether to impose Rule 11 sanctions, a district court must apply an objective standard; it

must determine whether a reasonable and competent attorney would believe in the merit of an

---

[1]Defendants also assert claims for attorney's fees as a prevailing party under Colo. Rev. Stat. § 8-4-110(1), and pursuant to a settlement agreement entered into with Ms. Forgacs before this litigation was commenced. However, an award of such fees would not be a sanction based on inappropriate conduct, but rather in response to an assertion of Defendants' substantive legal rights under the statute and under a contract. Such claims for fees have no place in a motion for sanctions, but in a separate motion on the merits of Defendants' legal rights and status as prevailing parties.

argument.'" *Fransen v. Terps Ltd. Liability Co.*, 153 F.R.D. 655, 659 (D. Colo. 1994) (quoting *Dodd Ins. Servs., Inc. v. Royal Ins. Co. of Am.*, 935 F.2d 1152, 1155 (10th Cir. 1991); s*ee also Morrow v. Countrywide Home Loans, Inc.*, No. 06-cv-00272-LTB-MEH, 2006 WL 2666040, *1 (D. Colo. 2006) (Babcock, C.J.) (awarding sanctions against plaintiff under Rule 11 where "the record demonstrated beyond dispute that his allegations had no merit; [and] no rational argument based on the evidence or law appears in favor of [plaintiff's] claims.").

Rule 11 has a "safe harbor" provision requiring that the movant provide a copy of the motion for sanctions to opposing counsel 21 days prior filing, to permit counsel to correct any pleadings or claims. Fed. R. Civ. P. 11(c)(1)(A).  Sanctions under Rule 11 may be awarded only where frivolous claims are not withdrawn within twenty-one days after the date a movant serves a proposed motion for sanctions on the subject parties.  Here, however, the vast majority of the claims about which Defendants argue were withdrawn during the litigation, or were the subject of a dismissal or summary judgment order, as noted below.  Rule 11 applies only to the initial filing of a claim.  "Rule 11 focuses only on a challenged pleading or written motion." *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1223 (10th Cir. 2006).  Any Rule 11 motion filed after the claims have been dismissed, which is the case here for the vast majority of the claims, must be denied.  *Roth v. Green*, 466 F.3d 1179, 1193 (10th Cir. 2006).  Rule 11 requires the opportunity that the inappropriate claims be withdrawn by the claimant prior to an award of sanctions, and thus cannot apply to claims that no longer remain in the case.  *Id.*

On the other hand, a sanction under 28 U.S.C. § 1927 is not prevented by the dismissal or withdrawal of a claim.  *Steinert.*, 440 F.3d at 1223.  Moreover, Section 1927 contains no safe harbor requirement.  *Id.*  Section 1927's "inquiry is whether the proceedings have been unreasonably and vexatiously multiplied." *Id.*  Section 1927 applies only to multiplication of proceedings and not

initiation. *Id.* at 1224.  If a claimant acquiesces in the first attempt to have a claim dismissed, Section 1927 sanctions are not appropriate. *Id.* at 1225.  Only when the claimant persists in the claim beyond the first attempt to dismiss it can such sanctions be awarded.  *See id.*  Fees generated by counsel in filing an initial motion to dismiss or for summary judgment, to which the claimant acquiesces, cannot be awarded. *Id.* at 1225-26.  Further, Section 1927 fees are available only against attorneys. *Id.* at 1222.  Moreover, Section 1927 can be used to sanction excessive extension requests. *Id.* at 1226. Finally, an attorney is liable only for excess costs, expenses, and fees reasonably incurred because of his unreasonable and vexatious multiplication of proceedings. *Browning v. Kramer*, 931 F.2d 340, 344 (5th Cir. 1991).

Another potential area of sanctions is the Court's inherent power to impose sanctions.  Such "inquiry is whether a person has abused the judicial process by acting 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Steinert*, 440 F.3d at 1223  (quoting *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)).  This power permits the Court to impose a sanction either for bad faith initiation of  litigation, or for continuing a frivolous suit after sufficient knowledge that a claim should be dropped. *Id.* at 1224.  The inherent power to sanction can run against a party. *Martinez v. Roscoe*, 100 F.3d 121, 123 (10th Cir. 1996).

This Court will not look to Colorado law concerning any sanction.

## ANALYSIS

I.   Disposition of Claims Made in the Complaint

The claims in this case were as follows:

A.   First Claim

Plaintiffs brought four separate ERISA breach of fiduciary duty claims by all Plaintiffs for (1) failing to give COBRA notice regarding four of the Plaintiffs' participation in Section 125 Flex-Spend

Plan, after the employees' termination; (2) failing to provide forms to request rollover of funds, and failing to roll over funds in each of such Plaintiffs' 401k account; (3) making late deposits of employee and employer contributions in to the 401k accounts; and (4) failing to properly account for each of such Plaintiffs' 401k accounts.

On June 6, 2005, Defendants moved for summary judgment on the part of this claim seeking damages, penalties, and attorney's fees. The motion relied on the statute of limitations, using the Complaint's statement of the date the Plaintiffs were terminated as well as the date to which Plaintiffs stipulated in the Scheduling Order's statement of undisputed facts. Plaintiffs did not confess this motion, alleging a different date of termination than that contained in the Complaint. The District Judge granted summary judgment for Defendants on the statute of limitations defense, on the ground that no reasonable juror could conclude that the Plaintiffs were terminated on a date other than that to which they had already agreed.[2] Defendants' argument for sanctions on this claim was addressed at page 7 of Plaintiffs' Response. Plaintiffs' justification for arguing termination dates that deport from the stipulations they entered into in pleadings before this Court are (a) because certain severance benefits were paid after the physical termination dates, the Plaintiffs were technically employed beyond the date(s) that they last worked at the Eye Care Center.; and (b) each day that a former employee has not received required COBRA notice constitutes a new violation. As to (b), the District Judge did not believe that this argument even merited consideration in the order of summary judgment. As to (a), it is not unprecedented that counsel may argue differing termination dates depending on the legal effect of the dates. *E.g.*, *Taylor v. Canteen Corp.*, 69 F.3d 773, 778, 781-82 (7th Cir. 1995). The Court agrees that the best practice would have been to stipulate to the dismissal

---

[2]Such date was the date of the termination letters, at which time Plaintiffs stopped working for the Eye Care Center and started receiving severance pay and unemployment benefits.

of the claims based on the termination dates that Plaintiffs alleged in the Complaint and the Scheduling Order, but the Court does not find that failure to do so is sanctionable. The motion with regard to the First Claim, insofar as the limitations argument is concerned, should be denied.

Defendants also request sanctions for the First Claim on the ground that there was never a good faith basis for a damages claim under ERISA. Defendants admit to making late deposits to the Plaintiffs' 401k accounts, but argue that they fully paid the required regulatory penalties, that Plaintiffs knew this, that they provided sufficient documentation to Plaintiffs' counsel to establish this, and that continuing this claim beyond the initial filing of the motion for summary judgment. In response to the motion for summary judgment, Plaintiffs admitted they could not seek damages but continued to assert that the penalties had been improperly calculated.

Defendants argue that ultimately, after the motion for summary judgment was fully briefed, and after an order by the District Judge criticizing Plaintiffs' response and ordering that it be clarified, Plaintiffs conceded the claim completely.[3] The Court does not find a factual basis for Defendants' argument. In Plaintiffs' supplement to their response to the motion for summary judgment, dated April 24, 2006, at page 3 in the section titled "As to the liability of Defendants for the late deposits," Plaintiffs state that they are still pursuing a claim based on an incorrect penalty calculation: "Plaintiffs seek that to which they are entitled under the regulation." Plaintiffs never conceded this point. The District Judge denied the motion for summary judgment on mootness grounds on September 26, 2006. In their response to the motion for sanctions, Plaintiff Forgacs also argues that this claim was never conceded. Moreover, Defendants have not provided a sufficient basis for this Court to determine as a matter of law that the penalty calculation was correct, or that 29 C.F.R. § 2510.3-

---

[3]"Finally, after Defendants filed their reply and the Court ordered Plaintiffs to clarify their response, Mr. Price agreed he had no grounds to dispute the 401k payments, and Plaintiffs agreed to dismiss this part of the ERISA claim." Motion for Sanctions at 22.

6

102(d)(3)(ii)(B) should have been used to calculate the penalty (as argued by Defendants) versus §

2510.3-102(d)(3)(ii)(A) (as argued by Plaintiffs).   The Court recommends that the motion for

sanctions be denied on this basis.

      B.    <u>Second Claim</u>

      Plaintiffs brought a claim for unpaid wages under the Colorado Wage Claim Act (CWCA),

Colo. Rev. Stat. §§ 8-4-101 to -123, seeking unpaid wages, a statutory penalty, and attorney's fees

for all five Plaintiffs.   On January 18, 2005, Defendants moved to dismiss this claim, because the

CWCA does not impose individual liability for unpaid overtime.   In response, Plaintiffs conceded that

this claim could run only against the Eye Care Center.   On December 14, 2005, Defendants moved

for summary judgment on behalf of the Eye Care Center.   On March 3, 2006, in their Response,

Plaintiffs conceded this claim in its entirety.   Defendants rely upon Rule 11, Section 1927, and Section

13-17-102.   Plaintiffs' counsel contends that he had a good faith basis to bring the claim at the

beginning of the case based on information provided to him by the Plaintiffs.   Subsequently,

Defendants presented to Plaintiffs' counsel two concrete opportunities to voluntarily withdraw

elements of the Second Claim.   Plaintiffs' counsel accepted both opportunities.   Again, although the

Court believes that Plaintiffs' counsel's efforts on this claim leave something to be desired (primarily

because counsel overpleaded his case, leaving him with too many allegations to effectively

administer), the Court does not find sufficient basis for sanctions.   The motion with regard to the

Second Claim should be denied.

      C.    <u>Third Claim</u>

      Three Plaintiffs brought a defamation claim arising out of alleged statements that were made

during a staff meeting after the Plaintiffs were terminated, involving allegations of theft or fraud.

Defendants contend that Plaintiffs have never made any allegations of defamatory statements by

individual Defendants Meyers, Tilden and Olijnyk, and that pursuing the case against these Defendants was frivolous. The only Defendants who ever made any allegedly defamatory statements were Holms and Benedict. Plaintiffs argue that during the meeting, the nonspeaking Defendants "nodded their heads" when the allegedly defamatory statements were made, which is a sufficient basis for liability. On August 10, 2006, the District Judge granted summary judgment (a motion that the Plaintiffs opposed) on the defamation claim. That Order supports Defendants' argument that Plaintiffs never had any legal claim for defamation against Defendant Olijnyk. At the very least, Plaintiff Forgacs should have dismissed the defamation claim against Olijnyk after the motion for summary judgment was filed. In her response to the motion for sanctions, Plaintiff makes no argument to support a claim against Olijnyk and effectively concedes the argument. Therefore, under Section 1927, a sanction against Plaintiffs' counsel and against Plaintiff Forgacs herself under the Court's inherent authority is appropriate for this Claim insofar as it concerns Olijnyk, and the Court recommends that the motion be granted in part on this basis.

> D.   <u>Fourth Claim</u>

Plaintiff Rogge sought damages, penalties and attorney's fees based on unpaid overtime under the Fair Labor Standards Act, 29 U.S.C. §§ 201-209, against all Defendants. On January 18, 2005, Defendants moved to dismiss this claim as against the individual Defendants, because such individuals cannot be held liable under the FLSA. In response, Plaintiff Rogge did not concede. On March 1, 2005, the District Judge dismissed this claim as against the individuals. The District Judge denied Defendants' request for fees, but stated that he would "revisit the issues of fee shifting and sanctions should the circumstances warrant." Later, Defendants filed a motion for summary judgment. On March 3, 2006, Rogge conceded the remainder of the Fourth Claim and, ultimately, settled this lawsuit as to all of her claims. This Court does not find that the circumstances warrant revisiting the

issue of fees as to the Fourth Claim.  After the District Judge's statement to this effect, Rogge's conduct consisted of conceding the claim and then settling.  That is not the type of conduct that would justify fees if, indeed, the initial act of opposing the individual Defendants' motion to dismiss did not merit an award of fees.  The motion with regard to the Fourth Claim should be denied.

        E.      <u>Fifth Claim</u>

Plaintiff Rogge sought damages, penalties and attorney's fees based on a claim of retaliation under the Federal Labor Standards Act (FLSA).  On January 18, 2005, Defendants moved to dismiss this claim as against the individual Defendants, because such individuals cannot be held liable for retaliation under the FLSA.  Plaintiff opposed this motion.  The District Judge granted the motion as to the individual Defendants on March 1, 2005.  On December 9, 2005, Defendants moved for summary judgment on this claim.  In her response, Plaintiff Rogge explicitly did not "concede" the claim but withdrew it.  Plaintiff contended that a witnesses, Michelle Hebert, told Rogge that Rogge was terminated because of her disability.  For this purported reason, the retaliation claim was withdrawn.

Defendants' only argument concerning this claim is that Plaintiffs' counsel should have known that Ms. Rogge could not assert an FLSA retaliation claim "because she had never complained." Motion at 24.  In the opposition to the motion for sanctions, Plaintiffs' counsel does not even address the factual basis for the retaliation claim, but merely states that "Plaintiff Rogge conceded these issues in the summary judgment response," Response at 9, which, as noted above, Plaintiff Rogge explicitly refused to do, choosing instead to "withdraw" the claim.  Although Plaintiffs' counsel has made no argument attempting to establish a good faith basis for making this claim in the first place, and Defendants' allegation stands confessed, this claim was withdrawn.  Therefore, a sanction is not appropriate, and the Court recommends that the motion be denied on this basis.  Furthermore, the

Court does not find that the claim against the individual Defendants was so lacking in merit that sanctions are warranted and, in any event, the claim was dismissed well before the motion for sanctions was filed.

F.   Sixth Claim

Plaintiff Rogge brought a state law claim for damages, penalties, and attorney's fees based on state common law public policy discharge.   Plaintiff Rogge conceded this claim on the first dispositive motion brought by Defendants, the January 18, 2005, motion to dismiss.   Defendants do not appear to move for sanctions on this claim.

G.   Seventh Claim

Plaintiff Forgacs brought a state common law breach of contract claim against the Eye Care Center for an unpaid bonus.   On December 9, 2005, Defendants moved for summary judgment on this claim.   On March 3, 2006, Forgacs conceded the motion, agreeing that she had been paid all wages due.   Forgacs contended that the documents which established this fact were not produced to Plaintiffs until November 29, 2005, after the close of discovery.   However, Defendants allege that Forgacs never performed any calculations that established that she failed to receive any wages due her.   Indeed, she testified at her deposition that although she believed that her pay balance did not add up, the discrepancy could have been in her favor or in the Eye Care Center's favor.   In other words, *she had no idea if she was underpaid*.   In opposition to the motion for sanctions, Plaintiffs' counsel justifies his bringing of the claim by stating that the "Plaintiffs were adamant in their assertions that wages were owed when they first met with counsel.   Documentation was provided which evidenced that attempts were made to secure the funds through the Department of Labor and Employment." Response at 9.   Having provided no actual facts that could establish a good faith basis for making this claim in the first place, Defendants' allegation stands confessed by Plaintiff Forgacs.   Therefore, a

sanction is appropriate for this Claim against Plaintiff Forgacs under the Court's inherent authority, because this claim was brought wantonly,[4] and the Court recommends that the motion be granted in part on this basis.

II.     Sanction for Conduct Surrounding Settlement

Defendants also request sanctions against Plaintiffs' counsel for delays associated with finalizing the four settlement agreements reached in this case.  This Court has been involved with the circumstances surrounding the delay in filing the four dismissals, and concludes that the delay was occasioned by a good faith belief concerning the scope of the agreements reached at the settlement conferences.  Therefore, no sanctions are warranted.

III.    Effect of the Settlements in this Case

Plaintiffs' counsel argues that the settlements reached in this case prohibit any sanctions insofar as Plaintiffs' Jones, Link, Moreno and Rogge's claims are concerned.  The Court does not agree.  Those settlements did not dispose of allegedly sanctionable conduct by Plaintiffs' counsel.  Further, even if they had, the Court would retain its inherent authority to impose sanctions.

## CONCLUSION

Based on the foregoing, and the entire record herein, I **recommend** that a sanction under 28 U.S.C. § 1927 is appropriate against Plaintiffs' counsel with regard to the Third Claim, and a sanction under the Court's inherent authority is appropriate against Plaintiff Forgacs with regard to the Third and Seventh Claims.  No other sanctions are warranted.

---

[4]Wanton conduct is marked by recklessness or indifference to the rights of others.  *E.g.*, *Von Lackum v. Allan*, 219 F.2d 937, 943-44 (10th Cir. 1955); Black's Law Dictionary 1093 (6th ed. 1991) (defining "wanton" as "recklessly disregardful of the rights . . . of others.").  Colorado law defines it as conduct that is "purposefully committed which the actor must have realized as . . . done heedlessly and recklessly, without regard to consequences, or of the rights . . . of others." Colo. Rev. Stat. § 13-21-102.

Defendants do not request a specific amount in their motion for sanctions. The Court does not have sufficient information to enter a sanction at this time. On or before February 20, 2007, Defendants shall file a brief statement addressing their *excess* fees in defending the claims for which the Court is recommending a sanction. This would include the fees associated with the filing of the motion for sanctions, as attributable to Claim Three and Claim Seven. Plaintiff Forgacs and Plaintiffs' counsel may respond on or before March 12, 2007.

Dated at Denver, Colorado, this 1st day of February, 2007.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge