IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. **04-cv-1124-JLK**

**LINDA FORGACS,**

    Plaintiffs,

v.

**EYE CARE CENTER OF NORTHERN COLORADO; WILLIAM L. BENEDICT, M.D.; JOEL S. MEYERS, M.D.; MORRIS TILDEN, M.D.;IRENE OLIJYNK, M.D. and JAY R. HOLMS**,

    Defendants.

_____

ORDER
_____

KANE, J.

This matter is before me on the Magistrate Judge's Recommendation on Defendants' Motion for Sanctions, with Authorities (Doc. 133), filed February 1, 2007. No objection having been filed and having reviewed the Recommendation together with relevant parts of the record, I APPROVE and ADOPT the Magistrate's Recommendation and ORDER as follows:

1.     With the exception of a sanction under 28 U.S.C. § 1927 against Plaintiffs' counsel with regard to Plaintiff's Third Claim for Relief, and a sanction in accordance with the Court's inherent authority against Plaintiff Forgacs with regard to Plaintiff's Third and Seventh Claims for Relief, no other sanctions are warranted. Accordingly, Defendants' Motion for Sanctions is GRANTED in limited part against Plaintiff and her counsel on the Third and Seventh Claims for

Relief, and DENIED in all other respects.

2. In his Recommendation, the Magistrate Judge gave Defendants to February 20, 2007, to file a statement setting forth the nature and amount of their excess fees associated with defending the Third and Seventh Claims for Relief.  Given the timing of this Order, I VACATE that Order of the Magistrate Judge and ORDER the parties to CONFER, for the purpose of STIPULATING to, an appropriate amount for these excess fees.

3. Should the parties be unable to reach agreement, Defendants shall file, on or before March 6, 2007, a Statement setting forth the lodestar amount of its excess fees attributable to defending against Plaintiff's Third and Seventh Claims for Relief, including the amounts spent on that portion of the Motion for Sanctions directed to the Third and Seventh Claims for Relief. This Statement must be accompanied by an affidavit of an independent expert (unaffiliated with defense counsel's law firm) attesting to the reasonableness both of the number of hours expended and the hourly rate charged.   Plaintiff shall have to Tuesday, March 20, to file a response to Defendants' Statement, and any countervailing affidavit.  The matter will then be re-referred to Magistrate Judge Hegarty for a determination of the appropriate amount of the sanction.  It is my view, based on my familiarity with the case and my review of the file, that the ultimate amount of an appropriate sanction against Plaintiff and her counsel is minimal.

4. Plaintiff's Motion for Reconsideration of my Order dated August 10, 2006 (Doc.

130), is DENIED.  I note for the record that my intent in issuing the August 10 Order granting Defendants' Motion for Summary Judgment on Plaintiff's defamation claim(s) was to facilitate the prompt and efficient resolution of this litigation, and not as a basis or fuel for sanctions.

Dated February 20, 2007.

             **s/John L. Kane**   
             SENIOR U.S. DISTRICT COURT JUDGE