IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 04-cv-01124-JLK-MEH

LINDA FORGACS,

    Plaintiff,

v.

EYE CARE CENTER OF NORTHERN COLORADO; WILLIAM L. BENEDICT, M.D.; JOEL S. MEYERS, M.D.; MORRIS TILDEN, M.D.; IRENE OLIJYNK, M.D., and JAY R. HOLMS,

    Defendants.

## ORDER ON APPROPRIATE AMOUNT OF SANCTIONS

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Defendants were awarded sanctions for Plaintiff's and Plaintiff's counsel's litigating positions relative to the Third and Seventh Claims for relief. Senior District Judge John Kane allowed the parties an opportunity to resolve this issue amongst themselves and, failing that, for me to determine the appropriate amount of sanctions. Order dated February 20, 2007, Docket #134. The parties did not resolve the issue themselves and have followed Judge Kane's required procedure to have the Court resolve it. This Order constitutes my determination of an appropriate sanction. Defendants request over $22,000 in fees. The Court is mindful of Judge Kane's belief that the ultimate sanction should be minimal.

### Third Claim

This was a defamation claim. The Court determined that as to one of five defendants named in this Claim, sanctions were appropriate, against Plaintiffs' counsel and against Plaintiff herself. Defendant submitted an Affidavit from Craig Cornish, Esq. stating that a reasonable fee for time spent on the Third Claim was 10% of $91,879.00 (the total of the Defendants' fees for this case as of

February 2007), or $9,187.90. Since my Recommendation found sanctions appropriate only for one of the five named defendants in this claim, the appropriate sanction is $1,837.58, or one-fifth of the amount that is reasonable for defending the claim in its entirety. The Court so orders.

<u>Seventh Claim</u>

This was a claim for state common law breach of contract against the Eye Care Center for an unpaid bonus. This Court determined that a sanction was appropriate for this claim against Plaintiff Forgacs, because this claim was brought wantonly. Although the Court does not believe a reduction of the presumptive amount of $9,187.90 is appropriate insofar as Plaintiff's conduct or litigating position is concerned, a reduction is appropriate based on the amount at issue in this Claim. Although never definitively disclosed by Plaintiff, based on the record in this case, the amount of the bonus underlying the filing of the Seventh Claim was in the hundreds of dollars. Of course, this is not the typical level of dispute brought before a United States District Court, but at the same time the Court questions the necessity of spending nearly $10,000 (or, according to Defendant's counsel, slightly more than that) defending a several hundred dollar claim. Because this was a breach of contract claim, the Court does not believe that success on the merits of the Seventh Claim would have resulted in fee shifting; therefore, Defendants' total exposure on this claim was minimal. Expert Craig Cornish testified that Defense counsel's reasonable hourly rate was $275, an opinion which this Court does not dispute. The Court believes that 10 hours would be a reasonable amount of time to spend on defending a claim that never had any factual basis. Thus, $2,750.00 is a reasonable amount for this claim.

WHEREFORE, the Court ORDERS that Plaintiff and Plaintiff's counsel be sanctioned jointly and severally in the amount of $1,837.58, and that Plaintiff also be sanctioned in the amount of $2,750.00, to be paid to counsel for Defendants as the reasonable sanction of attorney's fees for the

claims discussed herein.  These amounts shall be paid no later than July 16, 2007.  Counsel for Plaintiff shall file a Notice of Compliance with Order on Sanctions on or before July 17, 2007.

Dated at Denver, Colorado, this 15th day of June, 2007.

BY THE COURT:

s/Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge